# EXHIBIT 1

Filing # 188175056 E-Filed 12/17/2023 02:16:07 PM

IN THE CIRCUIT COURT OF THE
FOURTEENTH JUDICIAL CIRCUIT,
IN AND FOR JACKSON COUNTY,
FLORIDA

**PERRISSA VARNER,**

    **Plaintiff,**

v.

**MANAGEMENT AND TRAINING CORPORATION, d/b/a GRACEVILLE CORRECTIONAL FACILITY,**

    **Defendant.**

_____/

CASE NO.: 23-CA-
FLA BAR NO.: 0739685

## COMPLAINT

Plaintiff, PERRISSA VARNER, hereby sues Defendant, MANAGEMENT AND TRAINING CORPORATION, d/b/a GRACEVILLE CORRECTIONAL FACILITY, and alleges:

### NATURE OF THE ACTION

1. This is an action brought under 42 U.S.C. §2000e et seq., 42 U.S.C. §1981a, 42 U.S.C. §1981 and under the common law of the State of Florida.

2. This action involves claims which are, individually, in excess of Fifty Thousand Dollars ($50,000.00), exclusive of costs and interest.

### THE PARTIES

3. At all times pertinent hereto, Plaintiff, PERRISSA VARNER, has been a resident of the State of Florida and was employed by Defendant. Plaintiff is a member of a protected class due to her race and she was retaliated against after reporting Defendant's unlawful employment practices.

Electronically File Jackson Case# 23000280CAAXMX 12/17/2023 01:16:07 PM

Visit http://www.jacksonclerk.com to validate this document

Digitally signed by Clayton O Rooks III
Date: 2024.02.15 11:13:05 -06:00
Electronic Certified Copy
Location: 4445 Lafayette St, Marianna, FL 32446

Unique Code : CAA-CACAAHABBHAEBJ-BCAGD-IABICCD-IDDFDB-I Page 1 of 9

4. At all times pertinent hereto, Defendant, GRACEVILLE CORRECTIONAL FACILITY, has been organized and existing under the laws of the State of Florida. At all times pertinent to this action, Defendant has been an "employer" as that term is used under the applicable laws identified above. Defendant was Plaintiff's employer as it relates to these claims.

**CONDITIONS PRECEDENT**

5. Plaintiff has satisfied all conditions precedent to bringing this action, if any.

**STATEMENT OF THE ULTIMATE FACTS**

6. Plaintiff, an African American female, began her employment as a Licensed Practical Nurse (LPN) with Defendant on July 25, 2022, and held the position of LPN at the time of her constructive termination on January 8, 2023.

7. Despite her stellar work performance during her employment with Defendant, Plaintiff was subjected to disparate treatment, different terms and conditions of employment, and held to a different standard because of her race and because she reported Defendant's unlawful employment activities and was subject to retaliation thereafter.

8. The disparate treatment and retaliation came at the hands of Director of Nursing Aleah Peters, a Caucasian female, and Health Service Administrator ("HSA") Brandi Blocker, a Caucasian female.

9. Plaintiff was hired as a full time LPN.

10. On October 19, 2022, Plaintiff changed from full time to PRN (on call status where she would select her shifts).

11. Plaintiff has been treated less favorably than her Caucasian co-workers including but not limited to LPN Marian Mercer. By way of example, when Plaintiff signed up for the 12-hour PRN shifts, Peters would instead give the 12-hour shifts to Mercer and would only give

2

Plaintiff the 8-hour shifts, despite the fact that as a PRN you are supposed to be able to select the shifts you want to work.

12. By way of further example, whenever Stevie Dosek and Tanya Royal, both of whom are white, would pick up overtime shifts, they were not assigned to the pharmacy. However, when Plaintiff picked up overtime shifts, she was always assigned to the pharmacy. The pharmacy is the most difficult and least desired department to work in.

13. Plaintiff was also constantly assigned as the pharmacy nurse where she had to pull medications for close to 800 inmates during her shift by herself while other white pharmacy nurses, including Doseck and Royal, worked with another pharmacy nurse during their shifts in the pharmacy. Plaintiff repeatedly complained to Peters about this and she would send Plaintiff a medical assistant who was not able to assist with dispensing medication. Plaintiff complained to Peters that she wasn't sent a pharmacy nurse to assist and Peters said "I sent you help but you didn't want it."

14. Peters would then repeatedly criticize Plaintiff for not getting the pill line completed on time. Plaintiff was unable to complete the pill line on time since she was the only nurse in the pharmacy.

15. On or about November 30, 2022, Supervisor Joyce Ellison, who is white, came into work on her day off to help Plaintiff work in the pharmacy. Ellison said she came to work because she knew no one else would help Plaintiff.

16. During this shift HSA Brandi Blocker, a white female, came into the pharmacy and pulled Plaintiff's hair in the presence of Ellison and asked Plaintiff "why do you have this horse tail on your head and when are you taking it out?"

3

17. On December 16, 2022, Plaintiff told Peters she would send her an email about the days she would work in January 2023 which Plaintiff said would be one day a week. Peters said "I need you to pick up more days than that". Plaintiff told Peters that she would not be working more than one day a week after which Peters grabbed Plaintiff by both her arms and pushed her against the wall and said "look I told you, you were going to give me more days than that." Plaintiff then raised her hands and cried "Somebody help". This interaction took place in the presence of other staff members including Blocker.

18. On December 19, 2022, Plaintiff reported to Human Resources Supervisor Deana Singletary ("Singletary"), a Caucasian female, that she worked in a hostile work environment. Plaintiff reported that she was subjected to Peter's excessive criticism. Plaintiff asked Singletary to pull up the cameras to see when Peters committed a battery on Plaintiff. Singletary pulled up the cameras and reviewed the incident. Singletary asked Plaintiff to fill out an incident report which she did. Plaintiff requested to be put on a different shift than Peters.

19. Instead of corrective action being taken, the very next shift Plaintiff worked she was paired with Peters to do nurse call outs something Plaintiff had never done before. Peters asked Plaintiff if she can come into the room Plaintiff was working in to speak with Plaintiff. Plaintiff said, "no I will figure it out."

20. In late December, 2022, Plaintiff made copies at the printer and dropped papers. When she picked them up Peters said "I don't want to help you pick up those papers because then you might report me for touching you again".

21. Plaintiff was constructively terminated on December 25, 2022 and with her last day being January 8, 2023, as no reasonable person would remain in the employ of this employer under these circumstances.

4

22. On December 29, 2022, Plaintiff reported Peters' battery and the hostile work environment to corporate headquarters where she spoke to Summer Nebecker, a Caucasian female.

23. Shortly thereafter Singletary sent Plaintiff an email where she copied Nebecker and claimed that she was investigating the situation and planned to speak to Mercer. However no corrective action was ever taken. In fact shortly, after Plaintiff reported Peters' misconduct to Human Resources and Corporate Headquarters Peters was promoted to Health Services Administrator.

24. Plaintiff has retained the undersigned to represent her interests in this cause and is obligated to pay a fee for these services. Defendant should be made to pay said fee under the laws referenced above.

## COUNT I
## RACE DISCRIMINATION

25. Paragraphs 1 through 24 are realleged and incorporated herein by reference.

26. This is an action against Defendant for discrimination based upon race.

27. Plaintiff has been the victim of discrimination on the basis of Plaintiff's race in that Plaintiff was treated differently than similarly situated employees of Defendants who are white and has been subject to hostility and poor treatment on the basis, at least in part, of Plaintiff's race.

28. Defendant is liable for the differential treatment and hostility towards Plaintiff because it controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff. Furthermore, Defendant knowingly condoned and ratified the differential treatment of Plaintiff as more fully set forth above because it allowed the differential treatment and participated in same.

5

29. Defendant's known allowance and ratification of these actions and inactions created, perpetuated and facilitated an abusive and offensive work environment within the meaning of the statutes referenced above.

30. In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were of a race-based nature and in violation of the laws set forth herein.

31. The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant. The events set forth herein lead, at least in part, to Plaintiff's constructive termination.

32. Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon race.

33. As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, are permanent and continuing. Plaintiff is entitled to injunctive/equitable relief and punitive damages.

## COUNT II
## RETALIATION

34. Paragraphs 1 through 24 are realleged and incorporated herein by reference.

35. Defendant is an employer as that term is used under the applicable statutes referenced above.

36. The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff reported or opposed unlawful employment practices adversely affecting her.

37. The foregoing unlawful actions by Defendant were purposeful.

Unique Code : CAA-CACAAHABBHAEBJ-BCAGD-IABICCD-IDDFDB-I Page 6 of 9

38. Plaintiff voiced opposition to unlawful employment practices during her employment with Defendant and was the victim of retaliation thereafter, as related in part above.

39. Plaintiff is a member of a protected class because she reported unlawful employment practices and was the victim of retaliation thereafter. There is thus a causal connection between the reporting of the unlawful employment practices and the adverse employment action taken thereafter.

40. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages. These damages are continuing and are permanent. Plaintiff is entitled to punitive damages and to injunctive relief.

## COUNT III
## BATTERY

41. Paragraphs 1 through 24 are realleged and incorporated herein by reference.

42. This count sets forth a claim against Defendant GRACEVILLE CORRECTIONAL FACILITY for common law battery. For the purpose of this Count alone, Director of Nursing ALEAH PETERS ("PETERS"), was acting inside the course and scope of employment with Defendant GRACEVILLE CORRECTIONAL FACILITY.

43. Plaintiff is entitled to relief against Defendant GRACEVILLE CORRECTIONAL FACILITY in that through its officers, employees and agents, PETERS, without justification or the Plaintiff's consent, touched Plaintiff's person in an offensive and harmful manner, PETER'S battered Plaintiff, hit her and caused Plaintiff to sustain injuries. Defendant GRACEVILLE CORRECTIONAL FACILITY through its agents and/or employees, intended to hit, push and otherwise batter Plaintiff. This unlawful touching was also accomplished by Defendant

7

GRACEVILLE CORRECTIONAL FACILITY through its agents' and/or employees' touching or contact with Plaintiff without any justification and in the absence of cause to touch or contact Plaintiff. Defendant GRACEVILLE CORRECTIONAL FACILITY intended to cause harm to Plaintiff or knew or should've known there was substantial certainty that harm would occur.

44. Defendant GRACEVILLE CORRECTIONAL FACILITY conducted no independent investigation into whether any criminal conduct had occurred. Defendant GRACEVILLE CORRECTIONAL FACILITY ratified the misconduct of its officers, employees and/or agents in that it was aware of their misconduct and sanctioned their decisions.

45. The actions by PETERS' were committed as an agent of Defendant GRACEVILLE CORRECTIONAL FACILITY and were committed within the course and scope of his employment/agency with Defendant GRACEVILLE CORRECTIONAL FACILITY.

46. As a direct and proximate cause of Defendant GRACEVILLE CORRECTIONAL FACILITY'S actions, Plaintiff has been damaged, which damages include: mental anguish, pain and suffering, bodily injury, loss of capacity for the enjoyment of life, embarrassment, humiliation, loss of reputation, lost employment opportunities, lost wages, and the loss of other emoluments. These damages have occurred at present, in the past and will most likely occur in the future.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendant for the following:

(a) that process issue and this Court take jurisdiction over this case;

(b) that this Court grant equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

8

(c) enter judgment against Defendant and for Plaintiff awarding all legally-available general and compensatory damages and economic loss to Plaintiff from Defendant for Defendant's violations of law enumerated herein;

(d) enter judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of law enumerated herein;

(e) enter judgment against Defendant and for Plaintiff awarding Plaintiff attorney's fees and costs;

(f) award Plaintiff interest where appropriate; and

(g) grant such other further relief as being just and proper under the circumstances, including but not limited to reinstatement.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues herein that are so triable.

DATED this 15th day of December 2023.

    Respectfully submitted,

/s/ Marie A. Mattox
Marie A. Mattox [FBN 0739685]
MARIE A. MATTOX, P. A.
203 North Gadsden Street
Tallahassee, FL 32301
Telephone: (850) 383-4800
Facsimile: (850) 383-4801
Marie@mattoxlaw.com
Secondary emails:
marlene@mattoxlaw.com
michelle@mattoxlaw.com

ATTORNEYS FOR PLAINTIFF

9